

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00352-CR

FELIPE D. SALOME                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

The trial court convicted Appellant Felipe D. Salome of interference with the public duties of a peace officer[2] and sentenced him to five months' confinement in Tarrant County Jail. In his sole point, Appellant challenges the sufficiency of the evidence to support his conviction. Because we hold that the

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 38.15 (West 2011).

evidence is sufficient to support his conviction, we affirm the trial court's judgment.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]  Appellant does not explain in what way the evidence is insufficient except as to identity.  He does not challenge evidence of intent, the lawfulness of the officers' actions, the degree of force used by the officers, or any issue other than identity.  For that reason, we address only the sufficiency of the evidence of identity.

Magdaleno Murillo's family was holding a birthday party for Murillo's four-year-old son.  At about 11:30 p.m., Officer Marshall Meyer responded to a loud music disturbance call at the Murillo home.  Someone turned the music down as Officer Meyer arrived, so he did not take further action.  As he was driving away, he heard the music playing loudly again.

As Officer Meyer returned to the Murillo home, additional officers arrived separately.  Murillo's thirteen-year-old daughter testified that she and her mother saw two police officers walk toward the back of the house where the music was playing, "and that's when they started saying, 'Turn that fucking music off.'" Officer Meyer told Murillo that he was writing him a ticket for the loud music, and,

---

[3]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

according to Officer Meyer, Murillo responded by taking an aggressive stance. A large group of people began to approach Murillo and Officer Meyer.

A man from the party stepped between the group of people and Officer Meyer to try to calm the situation down by telling Officer Meyer that he needed to calm down. Officer Meyer told the man—whom both the State and Appellant refer to as the peacekeeper and the translator, because there was a suggestion that that man was a translator for John Peter Smith Hospital (JPS)—to get out of his way.

The peacekeeper and others calmed Murillo down, and Murillo gave Officer Meyer his driver's license to provide Officer Meyer with the necessary information for the ticket. Murillo, however, refused to sign the ticket, so Officer Meyer and Officer Thomas Hauck decided to arrest Murillo. When Officer Meyer tried to handcuff Murillo, he resisted. Officer Meyer forced Murillo to the ground, and the record reflects that five officers were on top of Murillo. Officer Meyer testified that Appellant attempted to drag him out from under Murillo, causing Officer Meyer pain and hurting his shoulder.

Appellant denied being part of the melee. He testified that Murillo was his brother-in-law and that the officers "were all beating him real bad." Appellant stated at trial that he was trying to protect the little ones and that he was telling people not to approach the fight. He testified that some of the young people were taking photographs and that one of them, Marco, was arrested for taking pictures. Appellant stated that the police had pushed Marco toward a police car,

3

so Appellant told the officers that the sixteen- and seventeen-year-old boys being arrested were just kids. Appellant told Marco to stay calm and that everything would be fine. Appellant testified that he was arrested after he spoke to the officers.

The trial court concluded that, even though the officers probably overreacted, they were facing a mob and responding in a lawful manner, they found themselves "over their heads[,] and they were being injured."

Section 38.15(a) of the penal code provides in pertinent part,

A person commits [the offense of interference with public duties] if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with:

(1) a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law[.][4]

Appellant's sole argument is that "[i]t is clear that Meyers [sic] has confused the Appellant with someone else. It is clearly established that the Appellant was the 'representative' 'interpreter' 'translator' 'Miguel' 'Molina' and generally the peacekeeper person that tried to help the situation and not interfere with it." Appellant argues that Officer Meyer confused him with the person who had actually grabbed the officer's arm.

But Officer Hauck testified that Appellant was not the peacekeeper, and Appellant testified that he works in ceramics; there is no evidence that he served

---

[4]Tex. Penal Code Ann. § 38.15(a)(1).

as a translator at JPS. There is also no evidence that the peacekeeper ever touched anyone.

Based on the evidence presented at trial, a rational trier of fact could have found that Appellant was the person who grabbed Officer Meyer's arm, interfering with his ability to gain control of Murillo and arrest him. We therefore hold that the evidence is sufficient to support Appellant's conviction[5] and overrule his sole point.

Having overruled Appellant's sole point, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 28, 2011

---

[5]*See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.